IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| D. B. POGUE; B. M. POGUE; A. M. POGUE; AND J. B. POGUE; INDIVIDUALLY AND DERIVATIVELY, | § § § § | |
| PLAINTIFFS | § § | |
| VS. | § § § | 3-99CV0585-H |
| LCAC, INC.; LCSC, INC., LRCC, INC.; LEGACY PARTNERS COMMERCIAL, INC.; LEGACY PARTNERS RESIDENTIAL, INC.; C. PRESTON BUTCHER; EDGAR M. THRIFT, JR.; W. DEAN HENRY; STUART L. LEEDER; GARY J. ROSSI; RICHARD I. FISHER; JAMES L. ANDERSEN; GUY K. HAYS; DENNY MCLARRY; LINCOLN RESIDENTIAL SERVICES OF COLORADO, INC.; THE NC LINCOLN COMPANY; LINCOLN PROPERTY COMPANY NO. 2318 LIMITED PARTNERSHIP; LEGACY PARTNERS CONTRACTORS OF ARIZONA, INC.; LEGACY PARTNERS AGENCY CORP.; LEGACY PARTNERS 2206 L.P.; LEGACY PARTNERS 2235 L.P.; LEGACY PARTNERS 2317 L.P.; LEGACY PARTNERS 2242 L.P.; AND LEGACY PARTNERS MANAGEMENT, L.P., | § § § § § § § § § § § § § § § § § § § § | |
| DEFENDANTS | § § | **JURY DEMANDED** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendants C. Preston Butcher, Edgar M. Thrift, Jr., W. Dean Henry, Stuart L. Leeder, Gary J. Rossi, Richard I. Fisher, James L. Andersen; Guy K. Hays and Dennis McLarry (the "Individual Defendants") give notice of the removal of this action from the District Court of Dallas County, Texas, 101st Judicial District, to the United States District

**NOTICE OF REMOVAL** Page 1

Court for the Northern District of Texas, Dallas Division. The removal of this action is proper based on the following:

## I. INTRODUCTION

1. On March 12, 1999, Plaintiffs, D.B. Pogue, B. M Pogue, A. M. Pogue and J. B. Pogue commenced a civil action for equitable relief, damages and, *inter alia*, breach of contract and fiduciary duty, No. DV 99-1779, in the District Court of Dallas County, Texas, 101st Judicial District, entitled *D. B. Pogue; B.M. Pogue; A. M. Pogue; and J. B. Pogue v. LCAC, Inc.; LCSC, Inc.;LRCC, Inc.; Legacy Partners Commercial, Inc.; Legacy Partners Residential, Inc.; C. Preston Butcher, Edgar M. Thrift, Jr.; W. Dean Henry; Stuart L. Leeder; Gary J. Rossi; Richard I. Fisher; James L. Andersen; Guy K. Hays; Denny McLarry; Lincoln Residential Services of Colorado, Inc.; The NC Lincoln Company; Lincoln Property Company No. 2318 Limited Partnership; Legacy Partners Contractors of Arizona, Inc.; Legacy Partners Agency Corp.; Legacy Partners 2206 L.P.; Legacy Partners 2235 L.P.; Legacy Partners 2317 L.P.; Legacy Partners 2242 L.P.; and Legacy Partners Management, L.P.* That same day, Plaintiffs obtained, on an ex parte basis, two court orders. The Individual Defendants by this Notice seek to remove this action from Texas state court.

2. This Notice of Removal is timely filed under U.S.C. § 1446(b). By facsimile transmission on March 12, 1999 the Individual Defendants received a copy of the Original Petition and Application for Temporary Restraining Order and Temporary Injunction and for a Receiver ("Petition") in the state court action. Thus, this Notice of Removal is filed within thirty (30) days after receipt by the Individual Defendants of a copy of the Petition.

## Compliance with Local Civil Rule 81.1

3. The following documents are attached as Exhibits A, B, and C to this Notice of Removal:

    (a) an index of all documents identifying each document and the date it was filed with the state court;

    (b) a copy of the docket sheet in the state court action; and

    (c) each document filed in the state court action and order served on the Individual Defendants, individually tabbed and arranged in chronological order according to the state court file or entry date.

## II. DIVERSITY OF CITIZENSHIP

4. Plaintiffs were, at the time this action was commenced, and still are citizens of the State of Texas. Petition at 3.

5. As the Petition states, the Individual Defendants are not citizens of the State of Texas. The Individual Defendants are residents of California or Nevada. Petition at 3-5.

6. According to the Petition, the defendants other than the Individual Defendants (the "Entity Defendants") are partnerships and corporations, some of which are incorporated in Texas and some of which have their principal place of business in Texas. Petition at 6-11. Plaintiffs concede candidly that the Entity Defendants are, for purposes of diversity analysis, "formal" or "nominal" parties:

> The *sole* purpose for naming the corporations as defendants in this action is as required by law when bringing a derivative action on behalf of the corporation and for the appointment of a receiver to rehabilitate the corporations. The *sole* purpose for naming the partnerships as defendants in this action is as required by law when seeking the appointment of a receiver to rehabilitate the partnerships

Plaintiffs' Original Pet. at 12, ¶ V (emphasis added).

<u>NOTICE OF REMOVAL</u> Page 3

7.  None of the properly-joined Defendants that are neither formal parties nor nominal parties are citizens of the State of Texas.

8.  This Court has original jurisdiction of this action under 28 U.S.C.§ 1332 because there is complete diversity of citizenship between all the parties that are neither formal nor nominal, and the Petition, on its face, shows that the amount in controversy greatly exceeds the sum of $75,000, exclusive of interest and costs. Petition at 21-22. Thus, this action is removable pursuant to 28 U.S.C. § 1441.

## III.  PLAINTIFFS' CLAIMS

9.  Plaintiffs have alleged that they are individual residents of Dallas County, Texas. Petition at 3., ¶ II A.-D. One of the Plaintiffs, A. M. Pogue, alleges that he has been involved in the real estate business with Preston Butcher, one of the Individual Defendants, for about thirty years. *Id.* at 12, ¶ 6. All of the Plaintiffs claim that they, or a combination of them, have been shareholders in various of the Corporate Defendants. The causes of action, and the parties *against* whom they have been asserted, are as follows:

| Cause of Action | Plaintiff(s) | Target Defendant(s) |
| --- | --- | --- |
| 1st - Breach of Contract/Specific Performance | A.M. Pogue | Butcher |
| 2nd - Fraud | All | Individual Defendants |
| 3rd - Fiduciary Duty | All | Individual Defendants |
| 4th - Declaratory Judgment | A.M. Pogue | Butcher |
| 5th - TRO | All | Individual Defendants |
| 6th - Appointment of a Receiver | All | None |
| 7th - Civil Conspiracy | All | Individual Defendants |

| 8th - Negligence and Gross Negligence | All | Individual Defendants |
| 9th - Attorneys' Fees | All | Individual Defendants |

10. It is apparent from the face of the Petition that this case is a battle between individual, Texas Plaintiffs and individual, out-of-state defendants over money and the control of various entities. Inclusion of the Entity Defendants was, at best, a formality.

## IV. THE NON-DIVERSE DEFENDANTS ARE "FORMAL" OR NOMINAL;" SOME APPEAR TO HAVE BEEN JOINED FRAUDULENTLY

11. Parties joined "formally" or "nominally" are not counted for the purpose of diversity analysis. *E.g., Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 650 100 S.Ct. 1779, 1781 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of the real parties to the controversy." ). In shareholders' derivative suits, diversity analysis relies on the citizenship of the shareholder bringing the suit. *Northern Trust Co. v. Bunge Corp.* 899 F.2d 591, 594 (7th Cir. 1990). All of the Plaintiffs are residents of Texas. Given that Plaintiffs have sought no relief from the Entity Defendants, and have admitted that they were included for extremely limited purposes, these defendants are paradigmatic examples of "formal" parties.

12. Likewise, the citizenship of fraudulently-joined, non-diverse parties is not considered in determining whether complete diversity exists. *Rodriguez v. Sabatino*, 120 F. 3d 589, 591 (5th Cir. 1997); *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).

13. Fraudulent joinder occurs when a plaintiff, for the purpose of destroying diversity, joins a non-diverse defendant against whom the plaintiff has no possibility of recovery. *Dodson*, 951 F.2d at 42. A determination of fraudulent joinder must be based on an analysis of the causes

of action alleged in the complaint at the time of removal. *Tedder v. FMC Corp.*, 590 F.2d at 115, 116-117 (5th Cir. 1979). If no possible claims exist *against* a non-diverse defendant, its presence must be disregarded for jurisdictional purposes. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746 (5th Cir. 1996).

14. The Petition does not state, and cannot state, any cause of action *"against"* the Entity Defendants.

## V. CONSENT OF OTHER DEFENDANTS

15. This Notice of Removal is filed by the Individual Defendants. The Entity Defendants, to the extent they are "nominal" or "formal" parties or have been fraudulently joined to defeat removal, are not required to consent to this removal. *Jerigan v. Ashland Oil, Inc.* 989 F.2d 812, 815 (5th Cir. 1993).

## VI. NOTICE TO STATE COURT OF REMOVAL

16. Pursuant to 28 U.S.C. § 1446(d), timely notice is being filed in the 101st Judicial District Court of Dallas County, Texas, of the filing of this Notice of Removal.

WHEREFORE, PREMISES CONSIDERED, the Individual Defendants remove No. DV 99-1779, in the District Court of Dallas County, Texas, 101st Judicial District to this Court.

Dated: March 18, 1999

Respectfully submitted

GIBBS & BRUNS, L.L.P.

*Chris Reynolds* by *MJM*
with permission
Chris Reynolds
State Bar No. 16801900
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805
Facsimile: (713) 750-0903

MCKOOL SMITH, P.C.

Mike McKool
State Bar No. 13732100
Gary Cruciani
State Bar No. 05177300
Mark L. Mathie
State Bar No. 13191550
300 Crescent Court
Suite 1500
Dallas, Texas 75201
Telephone No. (214) 978-4000
Facsimile No. (214) 978-4044

ATTORNEYS FOR THE INDIVIDUAL
DEFENDANTS

OF COUNSEL:

COX BUCHANAN PADMORE & SHAKARCHY
Jonathan C. S. Cox
755 Page Mill Road
Suite A-280
Palo Alto, California 94304-1018

**NOTICE OF REMOVAL** Page 7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon the counsel of record via certified mail, return receipt requested and messenger, this 18 day of March, 1999:

Alan S. Loewinsohn
Michael F. Pezzulli
Carol E. Farquhar
Pezzulli & Loewinsohn, L.L.P.
1845 Woodall Rodgers Freeway
Suite 1655
Dallas, Texas 75201

Mark L. Mathie

**NOTICE OF REMOVAL** Page 8